MELINDA HAAG (CASBN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

MICHAEL H. LAMPHIER (AZBN 21535)
Special Assistant United States Attorney

    Defense Language Institute – Criminal Law
    1336 Plummer Street, Building 275
    Monterey, CA 93944
    Telephone: (831) 242-6394
    Email: michael.lamphier@us.army.mil

Attorneys for Plaintiff

RECEIVED
APR 1 2 2012

FILED
APR 1 6 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALINAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No.: CR-11-00511 PSG |
| Plaintiff, | SECOND STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME |
| vs. | |
| ROBERT DONALD FLORES, | |
| Defendant. | |

On April 2, 2012, the parties in this case appeared before the Court for a status hearing. The parties jointly requested that the case be continued from April 2, 2012, until June 4, 2012 at 9:30 a.m., in order to allow time for the parties to discuss the proposed terms for a plea agreement. In addition, the parties requested an exclusion of time under the Speedy Trial Act, from April 2, 2012 to 4 June, 2012 at 9:30 a.m. The parties agree and stipulate that an exclusion of time is appropriate based on the defendant's need for effective preparation of counsel.

1
SECOND STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME
CASE NO: CR-11-00511 PSG

SO STIPULATED:  MELINDA HAAG
United States Attorney

DATED: 9 April 2012          /S/
                              MICHAEL H. LAMPHIER
                              Special Assistant United States Attorney

DATED:                        /S/
                              MANUEL ARAUJO
                              Counsel for ROBERT DONALD FLORES

ORDER

Accordingly, for good cause shown, the Court HEREBY ORDERS that time be excluded under the Speedy Trial Act from April 2, 2012 to June 4, 2012. The Court finds, based on the aforementioned reasons, that the ends of justice are served by granting the requested continuance and outweigh the best interest of the public and the defendant in a speedy trial. The failure to grant the requested continuance would deny the parties reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

SO ORDERED.

DATED: 4/16/12

~~PAUL S. GREWAL~~
United States Magistrate Judge

Howard R. Lloyd